# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

GARY WESTOVER,

    Petitioner,

v.

SHAWN HATTON, Warden,

    Respondent.

Case No. 16-cv-07404-VC (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**

    Gary Westover has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the validity of his state criminal conviction. He also requests an evidentiary hearing. The request for an evidentiary hearing and the petition are denied.

## PROCEDURAL BACKGROUND

    On November 19, 2010, a Santa Clara County jury found Westover guilty of: (1) driving under the influence of alcohol and causing injury; and (2) driving with a blood alcohol level of 0.08 or more and causing injury. It also found true the enhancements for personally inflicting great bodily injury on two victims and proximately causing injury to an additional victim. The jury failed to reach a verdict on a second degree murder charge. Court Transcript ("CT") 526-33; ECF No. 25-1 at 547-54. On May 9, 2011, the district attorney filed an amended information, adding a charge of gross vehicular manslaughter while intoxicated. On April 17, 2012, a second jury trial began on the second degree murder and the gross vehicular manslaughter charges. On May 17, 2012, the jury found Westover guilty of both offenses. CT at 943-45; ECF No. 25-2 at 359-61. On August 31, 2012, the court sentenced Westover to 15 years to life for the murder conviction consecutive to a determinate 10 year sentence comprised of: (1) a three-year term for driving while under the influence of alcohol and causing injury;

(2) two three-year terms for the great bodily injury enhancements associated with that charge; and (3) a one-year term for the second count of driving under the influence of alcohol and causing injury to an additional vehicle. CT 1068-71; ECF No. 25-2 at 425-28. The court stayed the terms for the gross vehicular manslaughter conviction and the remaining allegations. *Id.*

On May 17, 2013, Westover filed an appeal in the California Court of Appeal and, on September 24, 2013, he filed a petition for a writ of habeas corpus in the same court. Ex. 9; ECF No. 25-9 at 138; Ex. 12; ECF No. 25-9 at 392. On August 27, 2015, the California Court of Appeal, in a written, unpublished order, affirmed the judgment. Ex. 14, ECF No. 25-9 at 503. On the same date, the Court of Appeal summarily denied the petition for a writ of habeas corpus. Ex. 15; ECF No. 25-9 at 536. On September 23, 2015, the Court of Appeal issued an Order Modifying Opinion and Denying Rehearing in which it made several minor changes to its opinion, but did not change its ruling. Ex. 16; ECF No. 25-9 at 538; *People v. Westover*, 2015 WL 5058443 (Cal. App. Sept. 23, 2015) (unpublished). On December 9, 2015, the California Supreme Court summarily denied review of the appeal and the habeas petition. Exs. 19 & 20; ECF Nos. 25-9 at 683, 685.

Westover filed another petition for a writ of habeas corpus in the Santa Clara Superior Court asserting a claim that trial counsel was ineffective for failure to object to the prosecution's amendment of the information after the first trial. On June 17, 2016, the Superior Court denied this claim in a written opinion. Westover's petitions in the California Court of Appeal and the California Supreme Court were summarily denied on July 28, 2016 and on October 12, 2016. Exs. 21, 23; ECF No 25-9 at 687, 718. Westover filed a timely federal petition and amended petition.[1]

## STANDARD OF REVIEW

A federal court may entertain a habeas petition from a state prisoner "only on the ground

---

[1] In his original federal petition, Westover submitted a claim of ineffective assistance of counsel based on failure to object to the amendment of the information. However, in his amended petition, which supersedes the original petition, he does not assert this claim. Therefore, the Court does not address it.

that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This is a highly deferential standard for evaluating state court rulings: "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Additionally, habeas relief is warranted only if the constitutional error at issue "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

## DISCUSSION

Because the California Court of Appeal described the record accurately and thoroughly on direct appeal, and because Westover does not pursue any claims on habeas that were not pursued in that appeal, the facts will not be repeated here. The petition for a writ of habeas corpus is denied for the following reasons:

- The trial court's refusal to give Westover's proposed addition to CALCRIM 520, that "an act is dangerous to human life when there is a high probability it will result in death," does not appear to violate California law. *See People v. Knoller*, 41 Cal. 4th 139, 142 (2007) (a finding of implied malice does not require the defendant know his conduct involves "a high probability of resulting in death"). Nor does it violate Westover's due process right to a fair trial. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (federal habeas relief only available if instruction infected entire trial so that resulting conviction

violates due process); s*ee also, Henderson v. Kibbe*, 431 U.S. 145, 155 (1977) (where claim is failure to give instruction, burden on claimant heavier because omitted or incomplete instruction less likely to be prejudicial than one that misstates law); *Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) (state court's ruling on question of state law is not to be disturbed by federal habeas court).

- Even if the jury applied the language the trial court added to the causation element of the CALCRIM No. 520 to the second element of implied malice, it would not appear to violate California law, much less due process. *See People v. Nieto Benitez*, 4 Cal. 4th 91, 111 (1992) (requiring that defendant commit "an act whose 'natural consequences' are dangerous to life," the implied malice instruction sets forth a standard equivalent to "a requirement that [the] defendant commit the act with a high probability that death will result."); *People v. Robertson*, 34 Cal. 4th 156, 166 (2004 ), *overruled on other grounds by People v. Chun*, 45 Cal. 4th 1172, 1201 (2009 ) (equating the phrases "dangerous to human life," "substantial risk that someone will be killed" and "high probability that death will result."). *See also Waddington*, 555 U.S. at 192 n.5 (2009) (state court's ruling on question of state law is not to be disturbed by federal habeas court).

- The trial court's decision to exclude expert testimony about the low statistical probability of a drunk driver killing someone would not appear to be an abuse of discretion. *See People v. Clark*, 52 Cal. 4th 856, 893 (2011) (California Evidence Code section 352 "accords the trial court broad discretion to exclude even relevant evidence"); *People v. Bui*, 86 Cal. App. 4th 1187, 1196 (2001) (trial court has broad discretion in determining the admissibility of expert testimony under California Evidence Code section 801(a)). Nor would this constitute a due process violation because the jury had to decide whether Westover's specific conduct, not drunk driving generally, involved conduct that was dangerous to human life. *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) ("State and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials*."); Montana v. Egelhoff*, 518 U.S. 37, 42

(1996) (due process does not guarantee a defendant the right to present all relevant evidence).

- Although perhaps the prosecutor should not have attempted to use dictionary definitions of disputed legal terms like "conscious" and "disregard," the state courts were not unreasonable to reject Westover's claim of prosecutorial misconduct, particularly in light of the trial court's repeated admonition that its instructions, and not attorney argument, controlled the jury's deliberations. *See Brecht*, 507 U.S. at 637 (even if prosecutorial misconduct occurs, relief cannot be granted unless error had substantial and injurious effect or influence in determining jury's verdict); *see also* Ex. 1 CT at 893; ECF No 25-2 at 309 (instruction that "nothing attorneys say is evidence"); Ex. 1 CT at 875; ECF No. 25-2 at 291 (instruction that "you must follow the law as I explain it to you; if you believe the attorneys' comments on the law conflict with my instructions, you must follow my instructions");*Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (jury presumed to follow instructions given to it).

- The state courts were not unreasonable to conclude that defense counsel's decision not to present evidence of the calibration of the PAS device was strategic. S*ee Cullen v. Pinholster*, 563 U.S. 170, 195 (2011) (trial counsel have wide latitude in making tactical decisions, therefore, there are no "strict rules" for counsel's conduct "beyond the general requirements of reasonableness"); *see also United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981) (difference of opinion as to trial tactics does not constitute deficient performance); *Harrington*, 562 U.S. at 105 ("doubly" deferential judicial review used in analyzing ineffective assistance of counsel claims under § 2254).

- The state courts were not unreasonable to reject Westover's claim of cumulative error. *See Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011) (where no single constitutional error exists, nothing can accumulate to level of a constitutional violation).

The request for an evidentiary hearing is denied because Westover has not shown he is entitled to an evidentiary hearing in connection to any claim. *See Pinholster*, 563 U.S. at 183

(when state court record precludes habeas relief under § 2254(d), district court not required to hold evidentiary hearing).

## CONCLUSION

Westover's petition for a writ of habeas corpus is denied. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of the respondent and close the file.

**IT IS SO ORDERED.**

Dated: February 14, 2018

_____
VINCE CHHABRIA
United States District Judge

6